No. 17,321.

MARTIN *v*. DISTRICT COURT OF PUEBLO COUNTY ET AL.

(272 P. [2d] 648)

Decided February 1, 1954.

Mr. MERRITT L. GORDON, for plaintiff.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK A. WACHOB, Deputy, Mr. NORMAN H. COMSTOCK, Assistant, Mr. W. C. E. KETTELKAMP, Mr. JOHN McGRATH, Mr. CHARLES KEEN, for defendants.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

PLAINTIFF in error, to whom we hereinafter refer as defendant, by information filed in the district court of Pueblo county, was accused of a felony. He entered separate pleas of "not guilty" and "not guilty by reason of insanity at the time of the alleged commission of the crime." Notwithstanding the entry of the latter plea the trial court fixed a day for trial on the substantive offense charged against him without committing him for observation and examination pursuant to the provisions of section 508, chapter 48, '35 C.S.A., as amended by Session Laws of Colorado 1951, chapter 144, section 3. A rule to show cause was issued.

Counsel for defendant objected to the trial of any issues in the case until after the commitment, observation and examination of defendant, and this action, in the nature of prohibition, was instituted to prevent trial on the merits prior to such commitment of defendant for the purpose of observation and report on his mental condition.

Amended section 508, supra, provides in part as follows: "Upon the making of such plea of insanity, the judge shall forthwith commit the defendant to the Colorado Psychopathic Hospital at Denver or to the state hospital at Pueblo, or to such other institution as may be designated hereafter by law, where he shall remain under observation and examination, by physicians who are specialists in mental diseases, for such time as the court may direct, not exceeding one month." Counsel for defendant argues that under the mandatory provisions of this statute the trial court exceeded its jurisdiction in fixing a day for trial of the cause.

The trial court apparently acted under amended section 509 of said statute, section 4, chapter 144, Session Laws of Colorado, 1951, which is as follows:

"When a defendant pleads not guilty by reason of insanity at the time of the alleged commission of the crime, and joins with it another plea or pleas not involving insanity, including the plea of not guilty, he shall

first be tried as if he had entered such other plea or pleas only, and on such trial he shall be conclusively presumed to have been sane at the time the alleged offense was committed.

"If the jury shall find the defendant guilty, or if the defendant pleads only not guilty by reason of insanity at the time of the alleged commission of the crime, then the question whether the defendant was sane or insane at the time the offense was committed shall be promptly tried, either before the same jury or before a new jury, in the discretion of the court."

It is apparent that the trial court concluded that amended section 509 permitted the trial of all issues, save and except the issue of the mental condition of defendant, before any commitment for observation was required, and in the event of acquittal upon this trial no inquiry into mental condition would be called for.

Question to be Determined.

■■ *Where one accused of a felony enters pleas of "not guilty" and "not guilty by reason of insanity," is it permissible under sections 508 and 509, chapter 48, '35 C.S.A., as amended, to try defendant on the issues raised by his not guilty plea prior to any commitment for observation and examination as required by said section 508?*

The question is answered in the negative. It is a fundamental rule governing statutory construction that if by reasonable interpretation ambiguities in statutes can be reconciled, it is the duty of courts to give that interpretation which will avoid conflict. Amended section 508 of the Act in question provides that, " * * * the judge *shall forthwith* commit the defendant * * *," for examination upon the entry of a plea of insanity. This can have but one meaning — the commitment must follow immediately after the entry of the plea. (Emphasis supplied.)

Amended section 509 necessarily relates to the order in which issues raised by the separate and distinct pleas,

which may be entered by an accused, shall be had. No trial of any issues "forthwith" upon the entry of pleas by an accused is contemplated by amended section 509. This section fixes a period of time intervening between the date on which a defendant enters his plea and the date on which the issues thus raised shall be tried. Within this intervening period, and "forthwith" upon the entry of the plea, the commitment for observation and examination must be made.

In the record before us, counsel raises no question whatever other than that now under discussion. While we have considerable doubt as to whether an accused person can be compelled by statute to first stand trial upon the issues framed by a plea of not guilty, and compel withholding of determination of his mental responsibility until after a verdict has been rendered on the not guilty plea, we are not here called upon to determine. The constitutionality of section 509, supra, is not raised in this cause and is not here determined.

■ We are of the opinion that the trial court erred in refusing to commit accused for observation and examination as to his mental condition, and we hold that such commitment, under the facts presented, is mandatory and must be had before a trial on any issue can be conducted. The rule heretofore issued is made absolute.

MR. JUSTICE HOLLAND specially concurring.

Plaintiff in error was arraigned on a felony charge in the district court at Pueblo, Colorado, on November 24, 1953, and entered pleas of "not guilty" and "not guilty by reason of insanity at the time of the alleged commission of the crime." After the entry of such pleas, the trial court, over the objection of plaintiff in error set the case for trial on the information without forthwith committing him for observation and examination to such institutions as designated in the statute.

Contending that defendant court and the judge there-

of exceeded its jurisdiction, and being without a plain, speedy and adequate remedy by writ of error, on December 7, 1953, plaintiff in error filed complaint for a writ in the nature of prohibition against defendants to stay the trial on the merits until after plaintiff in error's commitment for examination as provided by section 508, chapter 48, '35 C.S.A., as amended by S.L. 1951, page 325, §3. On that day the order issued from this court to defendants requiring them to show cause why the prayer of the complaint should not be granted. Return to this order, accompanied by a brief, has been made by the Attorney General in a forthright manner, which deserves our commendation.

It appears that the practice concerning the time commitment is in order on such a plea varies throughout this state and under such circumstances, if uncertainty exists, we should determine the question as a matter of public interest.

A casual reading of the following sections of our criminal statutes, as amended in 1951, presents an obscure legislative intent and this obfuscation results:

Section 507. "(1) If one of the defenses of the defendant is insanity, it must be pleaded at the same time with all other pleas, unless it is to be the sole plea to the charge. It must be pleaded orally, either by defendant or by his counsel, in the form 'not guilty by reason of insanity at the time of the alleged commission of the crime.' A defendant who does not plead not guilty by reason of insanity shall be conclusively presumed to have been sane at the time of the commission of the offense charged, provided that the court may for good cause shown allow a change of plea at any time before the commencement of trial. A defendant who pleads not guilty by reason of insanity, without also pleading not guilty, thereby admits the commission of the offense charged.

"(2) The applicable test of insanity in such cases shall be, and the jury shall be so instructed: 'A person who

is so diseased in mind at the time of the Act as to be incapable of distinguishing right from wrong with respect to that Act, or being able so to distinguish, has suffered such an impairment of mind by disease as to destroy the will power and render him incapable of choosing the right and refraining from doing the wrong, is not accountable; and this is true howsoever such insanity may be manifested, whether by irresistible impulse or otherwise. But care should be taken not to confuse such mental disease with moral obliquity, mental depravity, or passion growing out of anger, revenge, hatred or other motives, and kindred evil conditions, for when the act is induced by any of these causes the person is accountable to the law.' "

Section 3. Section 508, chapter 48, '35 C.S.A., is amended to read as follows: "Commitment and Observation After Such Plea. Upon the making of such plea of insanity, the judge shall forthwith commit the defendant to the Colorado Psychopathic Hospital at Denver or to the state hospital at Pueblo, or to such other institution as may be designated hereafter by law, where he shall remain under observation and examination, by physicians who are specialists in mental diseases, for such time as the court may direct, not exceeding one month."

Section 509:

"When a defendant pleads not guilty by reason of insanity at the time of the alleged commission of the crime, and joins with it another plea or pleas not involving insanity, including the plea of not guilty, he shall first be tried as if he had entered such other plea or pleas only, and on such trial he shall be conclusively presumed to have been sane at the time the alleged offense was committed.

"If the jury shall find the defendant guilty, or if the defendant pleads only not guilty by reason of insanity at the time of the alleged commission of the crime, then the question whether the defendant was sane or insane

at the time the offense was committed shall be promptly tried, either before the same jury or before a new jury, in the discretion of the court."

Where it is a case of "take your pick," no criticism could be leveled at any trial judge in pursuing the course adopted in the case at hand. The uncertainty seems to spring from section 509, as amended, wherein it is clearly said that, " * * * he shall first be tried as if he had entered such other plea or pleas only, * * *."

It is said that it is apparent from a consideration of the whole of the Act that the legislative intent was to divorce the trial of the issue of guilt or innocence of the crime from the trial on the issue of insanity. It would have been reasonable to have established incompatibility as ground for such action, since it is common knowledge that the two did not get along very well together. Why such an affinitive relationship has been permitted to exist is not understandable, and where in past instances, defendants have been compelled, after a plea of insanity, to submit to a search of his entire life, or present exposures in support of his claim of insanity during the trial of his guilt or innocence of the crime charged, he cannot safely plead insanity unless he was protected by a separate trial. One of the most potent reasons why there should be a separate trial as to the two distinct matters is because one is a criminal proceeding and the other civil.

In considering section 509, supra, as amended, which provides that the accused first be tried as to the crime after he has entered a plea of "not guilty" and at the same time entered a special plea of "not guilty by reason of insanity at the time of the commission of the crime," it cannot be questioned that the plea of insanity so entered, if sustained, is a complete defense, and, in the eyes of the law, amounts to saying there is no crime for which the accused is accountable. "A defendant found not guilty by reason of insanity is sent to the state hospital for the insane not because he is accountable to the law,

but because he is not * * *." *Ingles v. People,* 90 Colo. 51, 6 P. (2d) 455. Why the futility of subjecting the accused to a trial on his guilt or innocence of a crime for which he might be found later not to be accountable? Considered in any light, it just does not make sense.

Reverting to section 507, supra, we find that if the accused does not plead "not guilty by reason of insanity" he is presumed to be sane at the time of the commission of the offense, and if he so pleads without also pleading "not guilty" he thereby admits the commission of the offense charged. The legislative intent here is not discernible and since the constitutionality of some phases of the sections mentioned has not been raised, we leave that for another day. There is such an intermingling of the various insanity pleas, some of which when not sustained only bring about the postponement of the trial, that the procedure concerning fixing of the time of the sanity hearing should not be left in doubt. When the new Acts that are hereinbefore quoted are considered together with the former Acts which they purport to amend, we are forced to the conclusion that it was proper, or at least should be proper to cause a separation of the two issues by the two separate and distinct trials, and that it first be determined whether or not the accused was legally capable of committing a crime. Therefore it was error for the trial court herein, after the entry of the pleas shown to have been made, to set the case for trial on the question of the guilt or innocence of the accused instead of forthwith committing him to the institutions provided for such examinations as would be necessary to determine his sanity, as clearly provided in one section, which we believe to be the controlling section on the question here presented.

MR. JUSTICE BRADFIELD concurs in this opinion.